A. J. SNEED, JR., *v.* BRITISH AMERICA ASSURANCE CO.

PRIVILEGE TAX. *Insurance. Validity. Code* 1892, §§ 3390, 3401.

> Whether a policy of insurance on a store is void for insufficiency of the privilege tax paid thereon, is determinable with reference to the stock on hand when the policy is written, not when the loss occurs. If valid when issued, it is immaterial that the stock having been increased, the privilege tax had become insufficient at the time of the loss.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

To an action by appellant against appellee on a policy of insurance covering a store, the defendant pleaded that, at the time

of the loss, the privilege tax paid by plaintiff on his store was insufficient, and, therefore, that the contract of insurance was with reference to a business carried on in disregard of § 3390, code 1892, imposing a graduated privilege tax on stores, and was void under the provisions of § 3401. Plaintiff demurred to this plea, because it did not allege that his privilege tax was insufficient at the time the policy was written. The demurrer was overruled, and plaintiff having declined to amend or plead further, judgment was entered for defendant, and plaintiff appeals.

*F. B. Pratt* and *Downs & Ward*, for appellant.

The validity of the policy must be determined with reference to the quantity of goods on hand when it was issued. It would be an absurd construction, and one leading to unjust results, to hold that a contract, valid when made, would become void because, before it matures, the party making it has failed to pay a sufficient privilege tax. In all the cases in this court where contracts have been held void under this law, the party had no license, or an insufficient one, when the contract was made. See *Anding* v. *Levy*, 57 Miss., 51; *Decell* v. *Lewinthal*, 57 *Ib.*, 331.

*W. H. Powell*, for appellee.

It is the duty of a merchant to watch the fluctuations in the amount of stock carried, and, if it exceeds what he has paid taxes on, he should increase his privilege. The language of the statute is: "All contracts made with any person who shall violate the provisions of this chapter," etc., shall be null and void. *Pollard* v. *Insurance Co.*, 63 Miss., 244, is decisive of this case.

The policy was payable upon condition of loss, and at the time of loss Sneed was violating the statute. The law does not render the contract void, but simply denies plaintiff the right to sue thereon. It denies to one in default the machinery of the courts to enforce a claim based upon the illegal business.

Argued orally by *F. B. Pratt*, for appellant.

COOPER, C. J., delivered the opinion of the court.

On the facts stated, it does not appear that the contract of insurance was made by the plaintiff "in a business carried on in disregard" of §§ 3390 and 3401 of the code. At the time the contract was made the plaintiff had paid the tax required by law for transacting a business with a stock of goods of the quantity he then had, and the contract was then valid.

It is true that, before the loss occurred, his stock had been so increased that thereafter he might not lawfully conduct the business without the payment of an additional tax.

The statute is penal in its character, and should not be applied except to cases falling fully within it condemnation.

*Reversed.*